Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California  93704.2225
Telephone:   559.244.7500
Fax No.:        559.244.7525

Attorneys for Defendant
SARNOVA HC, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERONIMO FRUTERO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SARNOVA HC, LLC; LORI WALKER, an individual; and DOES 1 to 10,<br><br>　　　　　　Defendants. | Case No.<br><br>**DEFENDANT SARNOVA HC, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Tulare County Superior Court Case No. VCU293802<br><br>Trial Date: TBD<br>Complaint Filed:   October 17, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant SARNOVA HC, LLC ("Defendant") hereby removes to this Court the state court action described below.  This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) due to the diversity of citizenship of the parties.  Accordingly, the state court action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**I.    STATEMENT OF JURISDICTION**

　　　1.　　This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

no defendant is a citizen of the state of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.   VENUE**

2. The action was filed in Superior Court of the State of California, County of Tulare. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1441(a) and 1446(a).

**III.   PLEADINGS, PROCESS, AND ORDERS**

3. On October 17, 2022, Plaintiff JERONIMO FRUTERO ("Plaintiff") commenced an action by filing an unverified Complaint in the Superior Court of the State of California, County of Tulare, entitled *Jeronimo Frutero v. Sarnova HC, LLC, Lori Walker, and Does 1 to 10*, bearing Case No. VCU293802 (the "Complaint"), which is attached hereto as Exhibit A.

4. The Complaint asserts the following causes of action: (1) wrongful termination in violation of public policy, (2) discrimination based on sex and sexual orientation, (3) harassment, (4) failure to take reasonable steps to prevent discrimination and harassment, and (5) retaliation. Plaintiff's First, Second, Fourth, and Fifth causes of action are alleged against Defendant Sarnova HC, LLC only. Plaintiff's Third cause of action is alleged against all Defendants. (Exhibit A at ¶ 29-67, and p. 13-14 at ¶ 5-14[1]; Declaration of Julie R. Campos in Support of Defendant's Notice of Removal of Civil Action to Federal Court ["Campos Decl."], ¶ 4.) Plaintiff seeks general damages, special damages, loss of earnings, prejudgment interest, reasonable attorneys fees, punitive damages, a finding that Defendant's violations as described in the Complaint are found to have been willful and intentional, and an award of such other and further relief that is proper and just. (Exhibit A at Prayer for Relief.) Plaintiff specifically seeks to recover purported lost income, including front pay and back pay, as well as damages for humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish, and

---

[1] Plaintiff's Complaint appears to be erroneously numbered beginning on page 13, under the section for the Fifth cause of action.

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2   DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

loss of enjoyment of life. (Exhibit A at ¶¶ 35, 45, 54, 64, and p. 14, ¶ 11.)

5. On November 22, 2022, Defendant filed in the Superior Court of California, County of Tulare, its General Denial and Affirmative Defenses to Plaintiff's Complaint. A true and correct copy of Defendant's General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

6. Pursuant to 28 U.S.C. ¶ 1446(a), the remaining submissions in this action on file with the Tulare County Superior Court at attached hereto as Exhibit C. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been served by any party. (Campos Decl., ¶ 10.) To Defendant's knowledge none of the other named Defendants have been served to date. (Campos Decl., ¶ 3.) To Defendants' knowledge, none of the Doe Defendants have been identified or served to date. (Campos Decl., ¶ 3.)

### IV. TIMELINESS OF REMOVAL

7. Defendant was first served with a copy of the Summons and Complaint on October 26, 2022. (Campos Decl., ¶ 2; Exhibit C.) This Notice is timely in that it is being filed within thirty (30) days of the date of service of the Summons and Complaint on Defendant, which was the first time that Defendant ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. §1446(b).

### V. DIVERSITY JURISDICTION

8. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . .

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3   DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

costs, as set forth below.

### A.   Plaintiff is a Citizen of California

10.   To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (*citing Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.,* 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)).

11.   In the Complaint, Plaintiff states that he "at all times herein relevant was an individual residing in the Tulare County, State of California." (Exhibit A at ¶ 5.) Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

### B.   Defendant Sarnova HC, LLC is a Citizen of Delaware and Ohio

12.   "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.,* its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend,* 559 U.S.77 (2010).

13.   At the time this action was commenced in state court, Defendant Sarnova HC, LLC was, and at the time of this removal still is, 100% owned by Sarnova, Inc. At the time this action was commenced in state court, Sarnova, Inc. was, and at the time of this removal still is, a corporation organized under the laws of the state of Delaware with its principal place of business in Dublin, Ohio. (Declaration of Darrell Hughes in Support of Defendant's Notice of Removal of Civil Action to Federal Court ["Hughes Decl."], ¶ 3.) Accordingly, Defendant Sarnova HC, LLC

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

is a citizen of the states of Delaware and Ohio for the purpose of determining diversity of citizenship.

### C. Defendant Lori Walker is a Citizen of Ohio

14. As detailed above, a natural person is considered a citizen in the place they reside with the intent to remain or to which they intend to return. *Nersesian,* 2013 WL 8284799, at *7. Residence is *prima facie* evidence of one's domicile. *Sadeh,* 2012 WL 10759737, at *4.

15. In the Complaint, Plaintiff states that Defendant Lori Walker "is a resident of the State of Ohio." (Exhibit A at ¶ 7.) Thus, Defendant Lori Walker is a citizen of Ohio for diversity jurisdiction purposes.

### D. The Amount in Controversy Exceeds $75,000

16. Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

17. Here, Defendant reasonably and in good faith believes that the amount put in controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on his claims for violations of the Fair Employment and Housing Act and wrongful

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  termination in violation of public policy, he would be entitled to recover the amount she would
2  have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac.*
3  *Co.*, 1 Cal.3d 600, 607 (1970). Plaintiff worked as an Operations Manager for Defendant and was
4  separated from employment on or about September 12, 2022. (Exhibit A at ¶ 12; Hughes Decl., ¶
5  4.) At the time of Plaintiff's separation from employment with Defendant, Plaintiff was earning an
6  annual salary of $128,487.99, which equates to approximately $2,470.92 per week. (Hughes Decl.,
7  ¶ 4.) Plaintiff seeks lost income from the date of his termination on September 12, 2022, through
8  to the present and into the future. (Exhibit A at ¶ 35, 45, 54, 64, and p. 14 at ¶ 11.) As of the date
9  of this Notice of Removal, it has been approximately ten (10) weeks since Plaintiff was separated
10 from employment. Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least
11 $24,709.20 in damages from lost income alone as of the date of this filing, with damages continuing
12 into the future through trial continuing at the rate of approximately $2,470.92 per week.

13         18.    Additionally, Plaintiff seeks an award of attorneys' fees in connection with
14 each of his claims. (Exhibit A at ¶ 37, 47, 56-57, 66-67, p. 14 at ¶ 13-14, and Prayer for Relief .)
15 Attorney's fees are also included in the amount in controversy calculation when the underlying
16 claims permit recovery of attorneys' fees. *Galt G/S, supra*, 142 F.3d at 1156. One relatively recent
17 Eastern District case involving similar allegations of discrimination, retaliation and whistleblowing
18 resulted in fees exceeding half a million dollars. *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069,
19 1141 (E.D. Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case
20 involving discrimination, retaliation and whistleblowing claims); *see also Rivera v. Costco*
21 *Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008), *citing Simmons v. PCR*
22 *Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("attorneys' fees in individual discrimination
23 cases often exceed the damages"). Accordingly, attorneys' fees alone are likely to be greater than
24 $75,000.

25         19.    Plaintiff also seeks damages for emotional distress he alleges he suffered.
26 (Exhibit A at ¶ 35, 45, 54, 64, and p. 14 at ¶ 11, and Prayer for Relief.)  Plaintiff's claim for
27 emotional distress damages further augments the foregoing amounts and demonstrates that the
28 jurisdictional prerequisite for removal of this action is met. *See Luckett v. Delta Airlines, Inc.*, 171

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages is at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for back pay, front pay, and attorney's fees, easily places the amount of controversy in excess of $75,000.

20. The amount in controversy includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996); *St. Paul Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that he is entitled to punitive damages for Defendant's alleged misconduct, but does not provide a total amount of the alleged punitive damages sought. (Exhibit A at ¶ 3, 36, 46, 55, 65, p. 14 at ¶ 12, and Prayer for Relief.) With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Jury verdicts in disability

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

discrimination cases in California reflect the likelihood that if Plaintiff prevails at trial, her damages would clearly exceed the $75,000 amount in controversy threshold. *See e.g., Rivera supra,* 2008 U.S. Dist. LEXIS 58610 at *10-11, *citing Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen-minute breaks every two hour); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his claims, the punitive damages alone could exceed the jurisdictional minimum.

21.  Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, well over $75,000 as of the date of this Notice of Removal. This sum is reflective of the alleged sum of $24,709.20 in lost income to date (increasing at the rate of $2,470.92 per week), $25,000 in emotional distress damages, Plaintiff's request for attorney's fees (estimated to be at least $75,000), Plaintiff's prayer for punitive damages, and the addition of any prejudgment and post-judgment interest make it more likely than not that the total amount in controversy exceeds the jurisdictional amount of $75,000.

**VI.   NOTICE TO STATE COURT AND PLAINTIFF**

22.  Pursuant to 28 U.S.C. section 1446(d), concurrently with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff. See Defendant's Notice to Plaintiff of Removal of Civil Case to Federal Court, attached hereto as Exhibit D.[2]  In addition, a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the

---

[2] So as to avoid lodging duplicative papers with this Court, the exhibits to Defendant's Notice to Plaintiff of Removal of Civil Action to Federal Court are omitted from this filing.

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8   DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

State of California for the County of Tulare. See Defendant's Notice to State Court of Removal of Civil Case to Federal Court, attached hereto as Exhibit E.[3]

23. WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of Tulare, to the United States Court for the Eastern District of California.

Dated: November 23, 2022                    LITTLER MENDELSON, P.C.

*/s/ Julie R. Campos*
Ryan L. Eddings
Julie R. Campos

Attorneys for Defendant
SARNOVA HC, LLC

---

[3] So as to avoid lodging duplicative papers with this Court, the exhibits to Defendant's Notice to State Court of Removal of Civil Action to Federal Court are omitted from this filing.

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

9    DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT